# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAMELA CHINELLI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:15-CV-05240-DDP (FFMx)<br><br>[~~PROPOSED~~] ORDER RE STIPULATED PROTECTIVE ORDER<br><br>Complaint Filed:　4-3-15<br>Trial Date:　　　None |

Pursuant to the stipulation of the parties, and good cause appearing therefore, the Court enters the following protective order ("Order") to govern discovery in this action:

　　1.　　This Order is meant to encompass all forms of disclosure which may contain  Confidential Material, including all documents, pleadings, motions, exhibits, declarations, affidavits, deposition transcripts, inspection reports, and all other tangible items (electronic media, photographs, videocassettes, etc.)  For purposes of this Stipulated Protective Order Confidential Material is specifically defined as follows:

　　-　　*Team Member Handbook (Hourly);*

　　-　　*Team Member Handbook (Executive);*

- *Safety Training - New Team Member Orientation DVD;*
- *Spill Clean-Up Training Card & Procedures;*
- *Basic Safeness - Managing Guest Incidents;*
- *Basic Safeness Sales Floor Guide (Employee);*
- *Basic Safeness Sales Floor Guide (Trainer);*

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials ("Confidential").  If any material has multiple pages, this designation need only be placed on the first page of such material.  Any material designated as "Confidential" shall not be disclosed to any person or entity except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order.  The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.  Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number).  Such record shall be made available to the designating party upon request.

/ / /

/ / /

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. Nothing may be filed under seal without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel pursuant to Local Rule 79-5. At the time of such application, the party seeking the order shall file in the public record a redacted version of the documents sought to be filed under seal.

///

1  The parties shall follow and abide by applicable law, including local rules and the
2  chambers' rules, if any, with respect to filing documents under seal.
3     10.   If a non-designating party is subpoenaed or ordered to produce
4  Confidential Material by another court or administrative agency, such party shall
5  promptly notify the designating party of the pending subpoena or order and shall not
6  produce any Confidential Material until the designating party has had reasonable
7  time to object or otherwise take appropriate steps to protect such Confidential
8  Material.
9     11.   If a party believes that any Confidential Material does not contain
10 confidential information, it may contest the applicability of this Order to such
11 information by notifying the designating party's counsel in writing and identifying
12 the information contested.  The parties shall have thirty days after such notice to
13 meet and confer and attempt to resolve the issue.  If the dispute is not resolved
14 within such period, the party seeking the protection shall have thirty days in which
15 to make a motion for a protective order with respect to contested information.
16 Information that is subject to a dispute as to whether it  is properly designated shall
17 be treated as designated in accordance with the provisions of this Order until the
18 Court issues a ruling.
19     12.   Inadvertent failure to designate any material "Confidential" shall not
20 constitute a waiver of an otherwise valid claim of confidentiality pursuant to this
21 Order, so long as a claim of confidentiality is asserted within fifteen days after
22 discovery of the inadvertent failure.  At such time, arrangements shall be made by
23 the parties to designate the material "Confidential" in accordance with this Order.
24     13.   This Order shall be without prejudice to the right of any party to oppose
25 production of any information or object to its admissibility into evidence.
26     14.   When any counsel of record in this Lawsuit or any attorney who has
27 executed a Confidentiality Agreement becomes aware of any violation of this Order,
28 or of facts constituting good cause to believe that a violation of this Order may have

occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15. Within thirty days after the termination of this Lawsuit (whether by dismissal of final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order.  Such a representation fully contemplates that returning counsel has:  (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

16. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

IT IS SO ORDERED.

DATED:   April 12, 2016

/S/ Frederick F. Mumm
FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE